IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40213
Summary Calendar

_____


MICHAEL A. MCCANN,

                Plaintiff-Appellant,

        v.

JOE KING, Sheriff; CLARENCE BALL, Agent; INTERNAL REVENUE
SERVICE,

                Defendants-Appellees.


---------------------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-673)
---------------------------------
March 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

        Michael A. McCann appeals from the judgment of the
district court dismissing his action against the Internal
Revenue Service ("IRS") and an IRS revenue agent.  On
appeal, he contends that the district court erred in failing
to remand to state court his action for replevin which he
had originally filed in the state court.  McCann's appeal
and the arguments contained in his brief are not only devoid

---

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of merit, but are wholly frivolous.  It is firmly established and beyond dispute that because McCann brought his suit in state court against a federal officer and a federal agency, it was removable under 28 U.S.C. § 1442. The fact that federal law prohibits a replevin action for the return of property seized pursuant to federal revenue laws is not germane to the issue of removability.  Appellant confuses the non-availability of a remedy with the jurisdiction of the federal court to declare that no such remedy is available under the law.  The remedy McCann seeks is not available in any court, not simply the federal courts.  *See* 26 U.S.C. § 7421(a).

The judgment of the district court is affirmed and the appellees request for sanctions pursuant to 28 U.S.C. § 1912 and Rule 38 is granted.  In addition to costs, damages in the amount of $2,000 are adjudged against the appellant.

AFFIRMED, SANCTIONS ORDERED.